UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| MAMDOUH HUSSIEN,  Plaintiff, | : : : : | Civ. No. 15-7166 (KM) |
| v. | : : : | MEMORANDUM OPINION |
| ROBERT R. MATHIAS, LOLITA REALTY, ROBERT PAYNE, ANITA PAYNE,  Defendants. | : : : : : : : | |

**MCNULTY, U.S.D.J.:**

The complaint in this action (the "Federal lawsuit") arises from a prior state court action, *Mamdouh Hussien v. Lolita Realty Co., Robert Payne, and Anita Payne*, No. HUD-L-5607-12 (the "State lawsuit"). The *pro se* federal complaint ("Cplt.", ECF no. 1), while it cites no statute, is clearly intended as a federal civil rights action under 42 U.S.C. § 1983, and it may be read to assert a state law claim as well.[1] Now before the court is the motion (ECF no. 10) of

---

[1]     Paragraphs 1 and 3 of the complaint read as follows:

1.  This action is brought to enforce provision of title under federal civil rights claims against the defendant Robert Mathis, Robert and Anita Payne Lolita Realty Company for violation of substantive rights and for violations of rights created by federal law. Which the court has jurisdiction over the federal civil right claim **and** additional jurisdiction.

…

3.  The plaintiff complaint will state a claim under the federal law and the federal civil right law which those Defendants named in the complaint involving in violation of a right secured by the constitution and law of the United States which the court have jurisdiction to hear this case.

(Cplt. ¶¶ 1, 3) There are many references to perjury and contempt, but these are not private causes of action for which a plaintiff can sue. Those allegations might, however, fall under a more general state law tort theory of fraud.

1

the defendants, Robert R. Mathias, Lolita Realty Co., Robert Payne, and Anita Payne, to dismiss the complaint for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1), or for failure to state a claim under Fed. R. Civ. P. 12(b)(6). For the reasons stated herein, those motions are granted.

## I.   APPLICABLE STANDARDS

### A.   Rule 12(b)(1) Motion to Dismiss

Motions to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) may be raised at any time. *Iwanowa v. Ford Motor Co.*, 67 F. Supp. 2d 424, 437-38 (D.N.J. 1999). "[B]ecause subject matter jurisdiction is non-waivable, courts have an independent obligation to satisfy themselves of jurisdiction if it is in doubt. *See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278, 97 S. Ct. 568, 50 L.Ed.2d 471 (1977). A necessary corollary is that the court can raise sua sponte subject-matter jurisdiction concerns." *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76–77 (3d Cir. 2003).

Rule 12(b)(1) challenges may be either facial or factual attacks. *See* 2 Moore's Federal Practice § 12.30[4] (3d ed. 2007); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). A facial challenge asserts that the complaint does not allege sufficient grounds to establish subject matter jurisdiction. *Iwanowa*, 67 F. Supp. 2d at 438. A court considering such a facial challenge assumes that the allegations in the complaint are true, and may dismiss the complaint only if it nevertheless appears that the plaintiff will not be able to assert a colorable claim of subject matter jurisdiction. *Cardio–Med. Assoc., Ltd. v. Crozer–Chester Med. Ctr.*, 721 F.2d 68, 75 (3d Cir. 1983); *Iwanowa*, 67 F. Supp. 2d at 438.

The distinction perhaps does not make much difference in this case. The defendants' motion attaches exhibits. These, however, are state court pleadings. Even on a facial motion to dismiss, the court could take judicial notice of such public records—not for the truth of statements contained therein, but as a record of what was litigated in and decided by the State

2

court.[2] The plaintiff had an adequate opportunity to respond to these exhibits, and in fact did submit voluminous exhibits of his own in response to the motion. (*See* ECF nos. 11, 14.)

### B.   Rule 12(b)(6) Motion to Dismiss

FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss, a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) ("reasonable inferences" principle not undermined by later Supreme Court *Twombly* case, *infra*).

FED. R. CIV. P. 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief requires more than labels and

---

[2]   [O]n a motion to dismiss, we may take judicial notice of another court's opinion—not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity. *See Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991); *United States v. Wood*, 925 F.2d 1580, 1582 (7th Cir. 1991); *see also Funk v. Commissioner*, 163 F.2d 796, 800–01 (3d Cir. 1947) (whether a court may judicially notice other proceedings depends on what the court is asked to notice and on the circumstances of the instant case).

*S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426-27 (3d Cir. 1999). *See generally* Fed. R. Evid. 201.

Even setting aside judicial notice, certain extrinsic documents may be considered without converting a facial Rule 12(b)(1) challenge into a factual one, or a Rule 12(b)(6) motion into one for summary judgment. *See Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) ("However, an exception to the general rule is that a 'document integral to or explicitly relied upon in the complaint' may be considered 'without converting the motion to dismiss into one for summary judgment.' ") (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)); *accord In re Asbestos Products Liability Litigation (No. VI)*, 822 F.3d 125, 134 & n.7 (3d Cir. 2016); *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' ... it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678 (2009).

Where, as here, the plaintiff is proceeding *pro se*, the complaint is "to be liberally construed," and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). "[A] litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because s/he proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (citation omitted).

## II.    THE COMPLAINT

The allegations of the complaint, which are assumed to be true for purposes of the motion to dismiss, are as follows.

Mr. Hussien resided in an apartment on Garrison Avenue in Jersey City. (Cplt. ¶ A) In the State lawsuit, Mr. Hussien sued defendants Lolita Realty, Robert Payne, and Anita Payne for personal injury. Lolita and the Paynes were represented in that action by defendant Robert R. Mathias, Esq. (Cplt. ¶ B)

In the State Lawsuit, Hussien sought a default judgment, asserting that he had duly served Lolita and the Paynes by certified mail, and that they had also been notified of the action by their insurer, but nevertheless had not

answered the complaint. (Cplt. ¶ C) The State court granted the motion for default in July 2013, and scheduled a hearing on damages for September 30, 2013. (Cplt. ¶¶ D, E)

Robert Mathias, Esq., then "filed a false claim that [Hussien] never served the complaint," despite evidence of mailing submitted by Hussien. (Cplt. ¶ F) He also allegedly perjured himself on September 30, 2013, when he stated to the State court that he did not represent Lolita, but only the insurer. (Cplt. ¶¶ G, H) The complaint cites evidence that Mathias in fact represented Lolita, Robert Payne, and Anita Payne. Mathias is alleged to have directed the actions of the other defendants to such a degree that he should be held answerable for violation of Mr. Hussien's constitutional rights. (Cplt. ¶¶ I, J)

## III.   DISCUSSION

### A.   Jurisdiction

The complaint may be read liberally to assert a claim under 42 U.S.C. § 1983, and would therefore invoke this court's federal-question jurisdiction under 28 U.S.C. § 1331.[3] Defendants assert, however, that this court's assertion of jurisdiction is barred by the *Rooker-Feldman* doctrine.

A federal district court does not sit to hear appeals from state court judgments. Thus *Rooker-Feldman* holds that lower federal courts cannot entertain federal claims that (1) were previously adjudicated in state court or (2) are inextricably intertwined with a prior state court decision. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *Guarino v. Larsen,* 11 F.3d 1151, 1156–57 (3d Cir. 1993); *Port Auth. Police Benev. Ass'n v. Port Auth.*, 973 F.2d 169, 178 (3d Cir. 1992). The first alternative, actual adjudication, requires little explication. As for the second, a federal claim is "inextricably intertwined" with a prior state court decision if "granting the relief requested in the federal action requires determining that the state court's decision is wrong or would void the

---

[3]    The complaint does not allege, and it cannot be inferred from the complaint or the circumstances, that the parties are citizens of different states. The case therefore does not rest on this court's diversity jurisdiction under 28 U.S.C. § 1332.

state court's ruling." *FOCUS v. Allegheny County Court of Common Pleas.*, 75 F.3d 834, 839-40 (3d Cir. 1996).

*Rooker-Feldman* thus operates to prevent a disgruntled party in state court litigation from collaterally attacking the results of that litigation in federal court, claiming constitutional or other error. *See also B.S. v. Somerset County,* 704 F.3d 250 (3d Cir. 2013). To put it another way, *Rooker-Feldman* bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus., Inc.,* 544 U.S. 280, 284 (2005).

Defendants' contentions in this regard are weighty. Their motion attaches pleadings from the State lawsuit (ECF no. 10-2, Certification of Thomas R. Kobin, Esq., and attached pleadings), which demonstrate the following: The motion to vacate default was granted; the State court found that service had not been properly accomplished and directed that defendants be served. (ECF no. 10-2 at 11–12). The State lawsuit then proceeded in due course. On June 12, 2015, the State court entered summary judgment in favor of Lolita and the Paynes, and against Hussien. (ECF no. 10-2 at 21) Hussien filed a motion for reconsideration, which was denied on July 10, 2015. (ECF no. 10-2 at 35) Hussien filed a motion for relief from judgment, which was denied on August 21, 2015. (ECF no. 10-2 at 63) Hussien filed a motion to reopen argument, which was denied on October 9, 2015. (ECF no. 10-2 at 72) Hussien filed another motion to reinstate the State lawsuit, which was denied on November 20, 2015. (ECF no. 10-2 at 75) In a supplemental submission, Mr. Hussein points out that on May 9, 2016, he filed another motion to reinstate the State lawsuit. (ECF no. 14)

To a great degree, this Federal lawsuit is an impermissible attempt to appeal issues litigated and lost in the State lawsuit; the complaint seems to rest on a theory that the default should not have been vacated, and therefore Mr. Hussein should have won the State lawsuit by default. To the extent that

this complaint seeks to overturn the judgment of the state court, it is jurisdictionally barred.

But the complaint also seems to assert that Mr. Mathias, acting on behalf of Lolita and the Paynes, deprived him of civil rights by the manner in which he litigated the claims in the State lawsuit. Construing this *pro se* complaint liberally, I might find that it contains an independent claim, not barred by *Rooker-Feldman.* I therefore proceed past the jurisdictional analysis, and consider the Rule 12(b)(6) motion to dismiss.

### B.    Failure to state a claim

The complaint fails to allege state action, an essential element of a claim under 42 U.S.C. § 1983. To the extent the claims pass the *Rooker-Feldman* jurisdictional bar, they will be dismissed under Rule 12(b)(6) for failure to state a claim.

> Title 42, United States Code, Section 1983 provides in relevant part:
>
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't,* 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins,* 487 U.S. 42, 48 (1988). It follows that "[t]o establish a claim under § 1983, a plaintiff 'must establish that she was deprived of a federal constitutional or statutory right by a *state actor.*'" *Frierson v. St. Francis Med. Ctr.,* 525 F. App'x 87, 90 (3d Cir. 2013) (quoting *Kach v. Hose,* 589 F.3d 626, 646 (3d Cir. 2009)) (emphasis added); *see also Veggian v. Camden Bd. of Educ.,* No. 05-0070, 2007 WL 2900413, at *3 (D.N.J. Oct. 2, 2007) ("It is well-

7

established that in order to maintain a § 1983 claim for an alleged constitutional violation, it must be brought against a 'state actor.'") (citations omitted).

The complaint contains no allegation that these defendants are associated in any way with State government. Mathias and the Paynes are private individuals, not government officials. Lolita is a private real estate company, not a government agency. Such Section 1983 claims against private parties are routinely dismissed; I cite a few recent examples. *See Dougherty v. Adams-Dougherty,* No. CV 15-8541 (JBS/AMD), 2016 WL 5219460, at *7 (D.N.J. Sept. 21, 2016) (dismissing § 1983 allegations that ex-spouse's family members conspired with courts and police to deprive plaintiff of his rights in divorce proceedings); *Barker v. Our Lady of Mount Carmel Sch.,* No. CV 12-4308, 2016 WL 4571388, at *14 (D.N.J. Sept. 1, 2016) (private school does not become state actor by virtue of receiving government funds, nor do individuals become state actors by making false statements about availability of government services); *Roy v. Cumberland Mut. Fire Ins. Co.,* No. CV 15-8171 (JBS/AMD), 2016 WL 4435670, at *2 (D.N.J. Aug. 17, 2016) (insurance company alleged to have wrongfully denied a claim was not a state actor for purposes of § 1983). Nor are these defendants alleged to have acted informally on behalf of the State or under color of State authority.[4] Nor does appearing in court convert a private person, even an appointed attorney, into a state actor. *See Xenos v. Slojund,* 424 F. App'x 80 (3d Cir. 2011) (citing *Polk County v.*

---

[4]     A private party may be found to act for the State in rare circumstances. "'Although it is possible for a private party to violate an individual's § 1983 rights, the individual alleging such a violation is not relieved of the obligation to establish that the private party acted under color of state law.'" *Munoz v. City of Union City,* 481 F. App'x 754, 761 (3d Cir. 2012) (footnote omitted) (quoting *Kost v. Kozakiewicz,* 1 F.3d 176, 184 (3d Cir. 1993)). "This requires the plaintiff to show 'a sufficiently close nexus' between the actions of the private party and the State to warrant treating those actions as those of the State." *Id.* (citing *Kost,* 1 F.3d at 184). The required nexus may be found where "(1) the private party performed a function typically performed by the state; (2) the private party acted in concert with the State; or (3) the State has become interdependent with the private party." *Id.* (citing *Kach v. Hose,* 589 F.3d 626, 646 (3d Cir. 2009)). The complaint contains no allegations that would establish such a nexus.

*Dodson*, 454 U.S. 312, 325 (1981)); *Mondelli v. Berkeley Heights Police Dep't*, No. 14-6196 (KSH) (CLW), 2016 WL 4923508, at \*3 (D.N.J. Sept. 14, 2016) ("The law is well established that private attorneys acting on behalf of their clients are not State actors.") (citation omitted).

Whatever Section 1983 claims survive the *Rooker-Feldman* jurisdictional analysis must therefore be dismissed.

As noted above, the complaint may intend to assert state law claims. These must be dismissed as well. Where all federal claims are dismissed before trial, "the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so. *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (quoting *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995)) (emphasis in original)). No such considerations counsel for retaining jurisdiction here, where the federal claims lack any substance, and even the state claims are at best vaguely alleged. Within its discretion, then, the court declines to exercise supplemental jurisdiction over any state law claims. *See* 28 U.S.C. § 1367(c).

## CONCLUSION

For the foregoing reasons, the defendants' motion to dismiss the complaint for lack of jurisdiction and failure to state a claim is GRANTED. An appropriate order is filed herewith.

Dated: October 7, 2016

HON. KEVIN MCNULTY, U.S.D.J.